```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA ADAMS,

                   Plaintiff,

-against-

796-798 NINTH SUCCESSOR LLC and THE SOIREE TEA CO LLC,

                   Defendants.

25-cv-00912 (MKV)

**ORDER GRANTING LEAVE TO AMEND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

MARY KAY VYSKOCIL, United States District Judge:

      The Court is in receipt of a letter motion from Plaintiff, requesting a pre-motion conference regarding her anticipated motion seeking leave to file a second amended complaint. [ECF No. 34]. Defendants oppose Plaintiff's request because Defendants argue that amendment is futile given its pending motion to dismiss, [ECF No. 25], with respect to standing that is pending before the Court. [ECF No. 35].

      Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) (quoting *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)). "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir. 1991) (quoting *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

When a plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)). In adopting this rule, the Second Circuit explained that this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Id.*

Where the proposed amendment requires leave of court, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, No. 2:15–CV–135, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, No. 1:20-cv-2327-MKV, 2021 WL 930616 (S.D.N.Y. Mar. 11, 2021).

Here, the Court elects to grant Plaintiff leave to amend and to deny Defendant's pending motion to dismiss as moot. As explained above, this is the preferred course where the amended complaint requires leave of court, *Rheaume*, 2015 WL 7300790, at *2, and "granting leave to amend is consistent with the liberal standard of Rule[] 15 . . . , and with the Second Circuit's 'strong preference for resolving disputes on the merits.' " *Patterson v. Morgan Stanley*, No. 16-cv-6568, 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). In particular, the Court finds no undue delay or bad faith on the part of Plaintiff. Plus, any prejudice to Defendants from permitting amendment at this early stage in the litigation is minimal. *See Joint Stock Co. v. Infomir*

2

*LLC*, No. 16-CV-1318, 2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (There is "no undue prejudice because the parties are far from trial, no Defendant has answered, no Rule 16 conference has been held, and no discovery deadlines have been established."). In making this decision the Court is also mindful of judicial economy and preserving the parties' resources. *Pettaway*, 955 F.3d at 303; *see also In re "Agent Orange" Prod. Liab. Litig.*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) (considering "impact of granting leave on judicial economy"). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). Finally, as to futility, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Chubb INA Holdings Inc. v. Chang*, No. 16-CV-2354, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016) (collecting cases). The Court therefore declines to consider whether Plaintiff's proposed amendments would be futile at this stage.

By reason of Defendants' motion to dismiss, Plaintiff is on notice of the alleged deficiencies in his pleading. Plaintiff is warned that the Court will be reluctant to grant any further leave to amend if Defendants successfully move to dismiss the Second Amended Complaint. As the Second Circuit has explained:

> When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) (alteration, internal quotation marks, and citations omitted).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a pre-motion conference is DENIED, Plaintiff is GRANTED leave to amend, and Defendants' pending motion to dismiss is DENIED as moot. Plaintiff shall file his Second Amended Complaint on or before August 18, 2025. If Defendants wish to move to dismiss the Second Amended Complaint, Defendants shall do so on or before September 2, 2025. Further briefing shall be submitted on the schedule set forth in Local Rule 6.1(b)

The Clerk of Court is respectfully requested to terminate docket entries, 25, 30, 33, and 34.

**SO ORDERED.**

**Date: August 4, 2025**
**New York, NY**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**MARY KAY VYSKOCIL**
**United States District Judge**